**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE REY MENDOZA FELIPE, | No. 11-72679 |
| Petitioner, | Agency No. A089-495-747 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Jose Rey Mendoza Felipe, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's determination that Felipe failed to establish changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R § 1208.4(a)(4), (5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam). Thus, his asylum claim is time-barred.

Substantial evidence also supports the BIA's determination that Felipe's past harm from a random mugging did not rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (persecution is an extreme concept). Substantial evidence also supports the agency's determination that Felipe's future fear lacked a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground"). Thus, Felipe's withholding of removal claim fails.

Finally, substantial evidence supports the denial of CAT relief, because Felipe has not shown it is more likely than not he will be tortured by or with the consent or acquiescence of the government of the Philippines if he is returned. *See*

*Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc).

**PETITION FOR REVIEW DENIED.**